UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICHARD ANTON HEISE II,

                                        Plaintiff,

   v.                                                                 1:20-CV-878
                                                                         (LEK/ATB)

NATIONAL RAILROAD PASSENGER
CORPORATION ("AMTRAK"), et al.,

                                        Defendants.

---

RICHARD ANTON HEISE II, Plaintiff Pro Se

ANDREW T. BAXTER,
United States Magistrate Judge

**DECISION and ORDER**

     Presently before this court is plaintiff's motion for appointment of counsel. (Dkt. Nos. 8, 8-1).  Because this action was removed from New York State court by the defendant, and defendant paid the filing fee, the plaintiff never had the opportunity to apply to proceed in forma pauperis ("IFP").  The statute which provides that the court may "request" that an attorney take over a pro se action pro bono is the same statute which governs filing by indigent plaintiffs. 28 U.S.C. § 1915.  Thus, in order to consider appointing counsel, the court must be satisfied that the plaintiff meets the financial requirements for proceeding IFP and cannot afford an attorney. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 855 F.2d 22, 23-24 (2d Cir. 1988) (statute only allows appointment of counsel where a litigant is indigent).

     On August 24, 2020, I issued an order, staying the determination of plaintiff's counsel motion and directing plaintiff to complete an IFP application so that the court could determine his financial status prior to considering whether to appoint counsel. (Dkt. No. 10).  On August 26, 2020, plaintiff filed the completed application. (Dkt. No.

14).

## I. Financial Criteria

Plaintiff's IFP application indicates that he is currently employed and makes a substantial amount of money per year. Plaintiff makes approximately $95,000.00 per year and takes home over $47,000.00 per year. He has no dependents, and in addition to his salary, he has a consulting business from which he derives some income. (Dkt. No. 14). While plaintiff has some liabilities, his income alone would disqualify him from proceeding IFP and/or being entitled to appointment of counsel under the statute. Thus, the court must deny counsel based upon the plaintiff's financial condition.

Even if I were to find that plaintiff somehow met the financial criteria for appointed counsel, I would still deny his motion based on the additional factors that the court must consider when making such a determination.[1]

## II. Appointment of Counsel

### A. Legal Standards

There is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*,

---

[1] The court also notes that plaintiff has attached to his motion for appointment of counsel, various pieces of correspondence with attorneys regarding his case, including letters, dated in 2014, to the United States Attorney in the Northern District of New York, the United States Attorney General in Washington, D.C., and the "Office of the Inspector General" in Washington D.C. (Dkt. No. 8-1 at 27-39). He was offered a retainer agreement in 2014 by one law firm, but states that the amount was too much for him to afford. (Dkt. Nos. 8 at 1, 8-1 at 1-8). Plaintiff appears to have also contacted the pro se assistance program in the Western District of New York for assistance in preparing his papers in 2014. He has also contacted attorneys in 2015 and 2017, but the letters attached are not refusals to take plaintiff's case pro bono or on contingency. The law requires that, in his counsel application, plaintiff demonstrate to the court that he has sought to obtain pro bono counsel on his own by submitting letters from the attorneys that he contacted who have *declined to take his case*. *Cooper v. Sargenti*, 877 F.2d 170, 173-74 (2d Cir. 1989) (Plaintiff must demonstrate by correspondence that he received from attorneys who declined to represent him). Although plaintiff does not qualify financially for appointed counsel, these letters would have been insufficient to make the showing that he has attempted to locate counsel on his own. Plaintiff should engage in more current contact with attorneys who might be willing to take his case.

14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d at 172-73.

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. If so, the Court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

**B.    Application**

Even if plaintiff met the financial criteria, an analysis of the *Hodge* factors would

3

weigh in favor of denial of his motion. First, even if the court assumed that the complaint had substance, even a cursory review of plaintiff's papers show that he is educated and understands the issues in his case.² One of the letters that he attaches to his motion for appointment of counsel indicates that he has had some legal training. (*See* Dkt. No. 8-1 at CM/ECF p.13). In 2018, plaintiff wrote to the Albany County Bar Association stating that he was a "Former Member/Law student in need of legal assistance." (*Id.*) Although he states that he had to "drop" in his first year, clearly plaintiff has the ability to research his issues and present his ideas at this time. While any pro se litigant would be better served with an attorney at trial, this is not the only determining factor, because in that event, every case would require the appointment of counsel.

The court notes that there is a motion to dismiss for failure to state a claim filed by defendants in this action. (Dkt. No. 6). Plaintiff will not be at a disadvantage because the only issue for the court to decide on such a motion is the legal sufficiency of his claims,³ and because plaintiff is pro se, the court must construe his claims liberally to raise the strongest arguments that they suggest. *See Roman v. McKoy*, No. 15-CV-6396 (CJS), 2020 WL 3412470, at *11 (W.D.N.Y. June 22, 2020); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478

---

² Some of the letters contain a substantial amount of information about plaintiff's case, and it is clear that plaintiff's claims have been addressed in an administrative forum. Thus, a great deal of "discovery" has already been accumulated.

³ Fed. R. Civ. P. 12(b)(6).

4

F.3d 489, 491 (2d Cir. 2007)).  In *McLeod*, the court stated that "'implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* at 156-57 (quoting *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (alterations and internal quotation marks omitted)).  Thus, plaintiff would not be entitled to appointment of counsel.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 14) is **DENIED**, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 8) is **DENIED**.

Dated: August 31, 2020

_____
Andrew T. Baxter
U.S. Magistrate Judge